JOHN L. SLAFSKY, State Bar No. 195513
DALE R. BISH, State Bar No. 235390
MATTHEW J. KUYKENDALL, State Bar No. 248320
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California  94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
jslafsky@wsgr.com
dbish@wsgr.com
mkuykendall@wsgr.com

Attorneys for Plaintiff
TENCENT HOLDINGS LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TENCENT HOLDINGS LIMITED, a Cayman Islands limited company, <br><br> Plaintiff, <br><br> v. <br><br> DELSON GROUP, INC., a Delaware corporation, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY RELIEF AND TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Tencent Holdings Limited ("Tencent") brings this Complaint against defendant Delson Group, Inc. ("Delson" or "Defendant") and alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## THE PARTIES

1.      Tencent is a Cayman Islands limited company with its principal place of business in Shenzhen, China.  Tencent and its affiliates constitute one of the largest Internet and media businesses in China and the world.

COMPLAINT FOR DECLARATORY RELIEF AND
TRADEMARK INFRINGEMENT

1

2.      Delson is a Delaware corporation with its principal place of business in Santa Clara, California.  Delson holds itself out as a provider of, among other things, trademark "protection" and "exchange" services.  Delson, in particular, markets a "trademarks' bank" of "well known brands" from third parties "who have established [] reputation and/or recognition in the market."

3.      Tencent is recognized as one of the world's most innovative companies and its TENCENT brand is well known internationally, including in the United States.  As set forth in detail below, Delson has opportunistically sought to misappropriate the TENCENT trademark, as well as other well-known Chinese trademarks, in the United States marketplace.  Tencent has been compelled to commit significant resources to responding to Delson's abusive practices and thus it now seeks the intervention of this Court.

4.      Tencent brings this action, in particular, to protect its valuable TENCENT brand against groundless trademark threats by Delson.  Tencent has longstanding, strong and well-recognized rights to the TENCENT trademark.  Delson has nonetheless (1) asserted that it has superior rights to the TENCENT mark; (2) applied to register the TENCENT mark as its own; (3) accused Tencent of "illicit" trademark use and infringement; (4) initiated multiple proceedings at the United States Patent and Trademark Office ("USPTO") to block Tencent's federal trademark applications for the mark; (5) proclaimed a policy of filing lawsuits against perceived infringers; and (6) threatened that it has "secured more than enough funds for massive lawsuits against IP infringement."

5.      Accordingly, Tencent seeks a declaration that its use and registration of the trademark TENCENT do not, and will not, infringe upon or otherwise violate Delson's purported trademark rights.

## JURISDICTION AND VENUE

6.      This court has original jurisdiction over the claim for declaratory relief under 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act) and 15 U.S.C. § 1051 et seq. (the Trademark Act), as well as under 28 U.S.C. §§ 1331 and 1338, because Tencent brings the action

COMPLAINT FOR DECLARATORY RELIEF AND
TRADEMARK INFRINGEMENT                    2

to determine a question of actual controversy between the parties arising under the trademark laws of the United States.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this complaint occurred in this judicial district. Tencent is informed and believes, and therefore alleges, that venue is also proper because Delson resides in this judicial district within the meaning of 28 U.S.C. § 1391(c).

## INTRA-DISTRICT ASSIGNMENT

8.     This is an Intellectual Property Action and thus may be assigned to a division of the Court on a district-wide basis.

## BACKGROUND

**The TENCENT Brand**

9.     Tencent was founded in 1998 and since that time has provided a number of Internet, social media, e-commerce, messaging, gaming and mobile services to users in China and other countries, including the United States.

10.     Tencent has tens of thousands of employees in various countries, with an office in Palo Alto, California.

11.     Tencent has promoted goods and services under a series of TENCENT-related trademarks, including TENCENT, TENCENT MESSENGER, TENCENT GAMES, TENCENT WEIBO, TENCENT QQ and TENCENT TRAVELER.

12.     Tencent's best known goods and services enable users to engage in instant messaging, to access online games and entertainment, to use their mobile phones in powerful and innovative ways, and to participate in virtual communities and connect with others.

13.     Tencent has invested considerable time, energy and money in promoting these goods and services under TENCENT-related marks.

14.     Tencent's goods and services are exceptionally popular.  For example, the number of monthly active user accounts for Tencent's QQ instant messaging service is nearly 1 billion.

COMPLAINT FOR DECLARATORY RELIEF AND
TRADEMARK INFRINGEMENT                                            3

15.    As a result of the extraordinary success of Tencent's goods and services, Tencent's TENCENT mark has been recognized as one of the most powerful technology brands in the world. It has been compared in the press to the well-known brands of Apple, Coca-Cola and Disney.

16.    Tencent's TENCENT mark enjoys substantial goodwill and reputation.  When members of the public see or hear the mark TENCENT, they associate it with Tencent's services.

17.    Tencent's TENCENT mark has been well recognized in the Chinese-American community, in particular.  Many Chinese-Americans use Tencent's goods and services for messaging, social networking and gaming.

18.    Tencent's TENCENT mark is registered in numerous jurisdictions around the world.

19.    Tencent has applied to register the following trademarks with the USPTO:

| Mark | Classes | Serial No. |
| --- | --- | --- |
| TencentWeibo | 9, 16, 35, 38, 41, 42, 45 | 85455475 |
| TENCENT | 9, 16, 35, 38, 41, 42, 45 | 85687478 |
| TENCENT | 35, 38, 41, 42 | 85980053 |
| 腾讯 | 9, 35, 38, 41, 42, 45 | 85725040 |
| Tencent Games | 9, 41, 42 | 85888910 |
| TENCENT | 16 | 86633476 |
| TENCENT | 35 | 86633487 |
| TENCENT | 41 | 86633498 |
| Tencent腾讯 | 36 | 86639763 |
| Tencent social ads | 35 | 87006825 |
| Tencent Social Ads | 35 | 87051884 |

20.    Tencent's rights to the TENCENT mark are superior to those now claimed by Delson.  As set forth below, however, Delson has taken a series of steps to usurp the TENCENT mark in the United States and to block each of the above-cited trademark applications published by the USPTO.

COMPLAINT FOR DECLARATORY RELIEF AND TRADEMARK INFRINGEMENT

4

**Delson's Sham Assertion of Trademark Rights**

21.     Delson is controlled by an individual who holds himself out as 'Professor' Willie Lu.  Delson otherwise has only a few employees or contractors.

22.     According to Delson's website for its "Trademark Resource Center," Delson specializes "in trademark protections in the countries of USA and China."

23.     Delson's website goes on to say that it provides "high-quality and registered trademarks of the industry" and that it maintains a "trademarks' bank [including] those well-known brands from the third-party contractors or partners who have established the reputation and/or recognition in the market."

24.     In practice, Delson applies at the USPTO to register trademarks corresponding to well-known Chinese brands and well-known technology brands.  It then threatens litigation and/or seeks to sell the registered trademarks to their rightful owners.

25.     Delson has, for example, without authorization, registered or applied to register at the USPTO trademarks corresponding to well-known Chinese brands such as GEELY (automobiles), RENREN (social networking and Internet finance) and CHINA MOBILE (telecommunications).  It has then offered to sell the registered marks to some or all of the Chinese brand owners.

26.     Delson also applied to register one or more marks corresponding to the names of well-known telecommunications conferences in the United States, such as MOBILE WORLD CONGRESS and WORLD MOBILE CONGRESS.  Delson commenced a series of adversary proceedings at the USPTO's Trademark Trial and Appeal Board (TTAB) opposing applications by the organizer of one of these conferences, GSMA Ltd., and also sued GSMA Ltd. in federal court for trademark-related claims.

27.     As to Tencent, Delson has, without authorization, applied to register the marks TENCENT and OWA TENCENT at the USPTO.

28.     Delson has also distributed or displayed printed materials bearing the TENCENT mark and claiming it as its own. Delson has submitted examples of this use to the USPTO in an attempt to advance its own applications to register TENCENT-related marks.

29.    Plainly, Delson has manufactured the appearance of rights to the TENCENT mark in the hope of extracting a windfall payoff from Tencent.

30.    From 2012 to 2016 Delson has initiated a series of adversary proceedings at the TTAB challenging Tencent's trademark applications for TENCENT-related marks.  Delson has alleged superior trademark rights, has described Tencent's use of its TENCENT-related marks as "illicit," has claimed a "considerable overlap" between the parties' respective use of their marks, and has asserted that Tencent's use of its TENCENT-related marks causes confusion, mistake or deception.  Decisions in TTAB proceedings may have preclusive effect in subsequent federal district court actions when requirements are met.

31.    Furthermore, in a series of online posts, Delson's principal, Willie Lu, has stated the following:

> The best way to protect your intellectual property resources is to file lawsuits against the infringers.  Your rival seems huge lion, but actually is only paper tiger, as long as you have good IPs.  The life is pretty fair and your credibility determines your future!

* * *

> My advice to students, friends and colleagues: The best way to protect your own intellectual properties being infringed is to file lawsuits immediately without hesitation.

* * *

> [Our] Owners, Investors and Partners have secured more than enough funds for massive lawsuits against IP infringement which will cost you hundreds of thousands of times the entire licensing fee.  The Zero-Tolerance policy is enforced for any infringement of our IPRs.

32.    Tencent's founder and chairman recently received an anonymous letter from California noting details about the parties' dispute, such as deposition scheduling for the TTAB proceeding, that are not in the public record.  The letter notes that Delson was willing to sell its purported rights to the TENCENT trademark in the U.S. for $100,000 and suggests that "Tencent will face catastrophe" if it does not "settle with Prof. Lu as early as possible."

COMPLAINT FOR DECLARATORY RELIEF AND
TRADEMARK INFRINGEMENT                                          6

33.     As described above, Delson has engaged in a deliberate effort to create the illusion of rights to the TENCENT mark while issuing repeated attacks against Tencent's TENCENT brand.  Accordingly, Tencent files this complaint to affirm its rights.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

34.     Tencent realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

35.     As a result of the actions and statements of Delson, which include allegations of trademark infringement and challenges to Tencent's commercial use of the TENCENT mark, there is an actual controversy between Tencent and Delson as to the parties' rights and legal relations associated with each party's use of the TENCENT mark.  Under all of the circumstances, an immediate, real and substantial controversy exists between the parties, who have adverse legal interests.

36.     Tencent has used and intends to continue to use the TENCENT mark in interstate commerce.

37.     Delson's position is that Tencent has made use of the mark TENCENT in a manner justifying Delson to sue Tencent immediately for trademark infringement and other legal violations.

38.     Tencent's use of the TENCENT mark does not infringe on, dilute or violate any federal or state trademark, trade name or related rights of Delson.

39.     Tencent's use of the TENCENT mark will not infringe on, dilute or violate any federal or state trademark, trade name or related rights of Delson.

40.     Tencent's rights to the TENCENT mark are superior to the rights that Delson now alleges.

41.     An actual justiciable controversy within the meaning of 18 U.S.C. § 2201 exists between Tencent and Delson concerning the use of the TENCENT mark and the respective trademark rights of the parties.  A judicial determination is necessary and appropriate at this time

in order to resolve the issues of the trademark rights of Tencent and the conflicting claims of Delson, and in order that the parties may ascertain their respective rights and obligations if any.

42.   Tencent does not engage in any activities that harm or threaten any lawful rights of Delson and is entitled to a declaration to that effect in this action.

## SECOND CLAIM FOR RELIEF

### (False Representation and False Designation of Origin, 15 U.S.C. § 1125(a))

43.   Tencent realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

44.   Tencent is the owner of the TENCENT mark.

45.   Delson's acts described above, including its use of a mark that is confusingly similar to the TENCENT mark, are likely to cause confusion, mistake or deception as to the source, sponsorship, affiliation or approval of Delson's services.

46.   Delson's use of the TENCENT mark has damaged Tencent in an amount to be proved at trial.  As a consequence of Delson's conduct, Tencent has suffered irreparable harm and will continue to do so unless Delson's unlawful conduct is enjoined.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition – Cal. Bus. & Prof. Code §§ 17200 et seq.)

47.   Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

48.   Delson's use of the TENCENT mark constitutes unfair competition in violation of California Business and Professions Code §§ 17200 et seq.

49.   Delson's actions complained of herein are unlawful, unfair and fraudulent business acts in violation of California Business and Professions Code § 17200 because they violate the federal Lanham Act, including 15 U.S.C. § 1125(a).

50.   Tencent has suffered injury-in-fact as a result of Delson's violations of the Lanham Act in the form of confusion in the marketplace regarding the origin and sponsorship of Delson's services and the dilution of Tencent's trademark.  As a consequence of Delson's

conduct, Tencent has suffered irreparable harm and will continue to do so unless Delson's unlawful conduct is enjoined.

### **PRAYER FOR RELIEF**

Tencent prays for judgment as follows:

(a)     That this Court declare that Tencent's use and applied-for registration of the TENCENT mark do not infringe upon, dilute or otherwise violate any valid right of Delson under applicable federal or state law.

(b)     That this Court declare that Tencent's rights in the TENCENT mark are superior to the rights Delson alleges.

(c)     That this Court declare that Tencent's activities have not caused any harm to Delson or unjust enrichment to Tencent.

(d)     That this Court declare that Tencent is not liable to Delson.

(e)     That this Court grant a temporary and permanent injunction enjoining and restraining Delson and its officers, directors, agents, servants, employees and attorneys and those in active concert or participation with them:

(i)     from using the TENCENT mark, or any other mark, word, name, domain name or social media designation that is likely to cause confusion with Tencent's trademarks;

(ii)     from filing any applications with the USPTO for registration of the TENCENT mark or any variation thereof, including but not limited to OWA TENCENT;

(iii)     from opposing, petitioning to cancel, interfering with or otherwise challenging Tencent's trademark applications or registrations for TENCENT-related marks; and

(iv)     from directly or indirectly charging infringement, dilution or other legal violation, or instituting any action for infringement, dilution or other violation of alleged rights of Delson in the term TENCENT against Tencent

COMPLAINT FOR DECLARATORY RELIEF AND
TRADEMARK INFRINGEMENT

9

or any of Tencent's agents, customers or any person, by reason of their use or registration of Tencent's TENCENT mark.

(f)    That the Court require Delson, and all others holding by, through or under it, to deliver for destruction all materials bearing the TENCENT mark or any variation thereof.

(g)    That the Court direct Delson to withdraw any application to register TENCENT-related trademarks.

(h)    That this Court award to Tencent its reasonable costs, disbursements and attorneys' fees incurred in defending and affirming its rights to the TENCENT mark against the claims and allegations of Delson.

(i)    That this Court grant such other and further relief as this Court may deem just and proper.

Dated:  November 21, 2016

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:    /s/ John L. Slafsky
          JOHN L. SLAFSKY
          DALE R. BISH
          MATTHEW J. KUYKENDALL

Attorneys for Plaintiff
TENCENT HOLDINGS LIMITED

**DEMAND FOR JURY TRIAL**

Tencent hereby demands trial by jury of all issues triable by a jury.


Dated: November 21, 2016                    WILSON SONSINI GOODRICH & ROSATI
                                            Professional Corporation


                                            By: _*/s/ John L. Slafsky*_____
                                                 JOHN L. SLAFSKY
                                                 DALE R. BISH
                                                 MATTHEW J. KUYKENDALL

                                            Attorneys for Plaintiff
                                            TENCENT HOLDINGS LIMITED